NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYCE WILSON, <br><br> Plaintiff, <br><br> vs. <br><br> CECIL BROWN, et al., <br><br> Defendants. | No. C 05-3949 JF (PR) <br><br> ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against officials of the Lake County jail, where Plaintiff was formerly housed. After reviewing the complaint the Court will order service of the complaint upon Defendants Hank Comstock and Cecil Brown and dismiss the claims against the remaining Defendants.

**DISCUSSION**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

Order of Partial Dismissal and of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\SJ.Jf\CR.05\Wilson949serv.wpd          1

1  claim upon which relief may be granted or seek monetary relief from a defendant who is
2  immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be
3  liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
4  1988).

5        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
6  elements: (1) that a right secured by the Constitution or laws of the United States was
7  violated, and (2) that the alleged violation was committed by a person acting under the
8  color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

9        Having reviewed the complaint, the Court finds that Plaintiff's allegations,
10 liberally construed, state a cognizable claims against: (1) Defendant Hank Comstock for
11 the violation of his rights under the Equal Protection Clause by refusing to move plaintiff
12 to a minimum security portion for discriminatory reasons; and (2) against Defendant
13 Cecil Brown for the violation of his First Amendment rights by retaliating against him for
14 filing inmate grievances.

15       Plaintiff's claims against Defendants W. Hammond, J. Stratton, R. Townsend, and
16 Crystal Esberg, for failing to properly process and grant his administrative appeals are not
17 cognizable. There is no constitutional right to a prison administrative appeal or grievance
18 system. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855
19 F.2d 639, 640 (9th Cir. 1988); see also Wolff v. McDonnell, 418 U.S. 539, 565 (1974)
20 (noting, without criticism, Nebraska system contained no provision for administrative
21 review of disciplinary decisions). As Plaintiff has no constitutional right, in the first
22 instance, to file administrative appeals, Defendants' failure to process and grant
23 Plaintiff's appeals does not rise to the level of a constitutional violation. Consequently, to
24 the extent Plaintiff's claim is based on his administrative appeals, Plaintiff is not entitled
25 to relief under § 1983.

26       Plaintiff's claim that Defendant D. Keithly erroneously found Plaintiff guilty of
27 violating prison rules also is not cognizable. The fact that a prisoner may have been
28

1  innocent of the charges does not raise a constitutional issue because the Constitution

2  demands due process, not error-free decision-making.  See Ricker v. Leapley, 25 F.3d

3  1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983).

4  Accordingly, the claim against D. Keithly will be dismissed.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

   1.   The claims against Defendants Hank Comstock and Cecil Brown are, liberally construed, cognizable.   The claims against the remaining Defendants, W. Hammond, D. Keithly, J. Stratton, R. Townsend, and Crystal Esberg are DISMISSED for failure to state a cognizable claim for relief.

   2.   The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon **Correctional Officer Hank Comstock and Sergeant Cecil Brown** at the **Lake County Jail.**  The Clerk shall also mail courtesy copies of the complaint and this order to the Office of the County Counsel for Lake County.

   3.   No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claim in the complaint found to be cognizable above.

      a.   If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

      b.   Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendants are advised that summary judgment cannot be granted,**

1  **nor qualified immunity found, if material facts are in dispute.  If any Defendant is of**

2  **the opinion that this case cannot be resolved by summary judgment, he shall so**

3  **inform the Court prior to the date the summary judgment motion is due.**

4        4.      Plaintiff's opposition to the dispositive motion shall be filed with the Court

5  and served on Defendants no later than **thirty (30) days** from the date Defendants'

6  motion is filed.

7        a.      In the event Defendants file an unenumerated motion to dismiss

8  under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The Defendants have made a motion to dismiss pursuant to Rule
> 12(b) of the Federal Rules of Civil Procedure, on the ground you have not
> exhausted your administrative remedies.  The motion will, if granted, result
> in the dismissal of your case.  When a party you are suing makes a motion
> to dismiss for failure to exhaust, and that motion is properly supported by
> declarations (or other sworn testimony) and/or documents, you may not
> simply rely on what your complaint says.  Instead, you must set out specific
> facts in declarations, depositions, answers to interrogatories, or documents,
> that contradict the facts shown in the Defendant's declarations and
> documents and show that you have in fact exhausted your claims.  If you do
> not submit your own evidence in opposition, the motion to dismiss, if
> appropriate, may be granted and the case dismissed.

      b.      In the event Defendants file a motion for summary judgment, the
Ninth Circuit has held that the following notice should be given to Plaintiffs:

> The defendants have made a motion for summary judgment by
> which they seek to have your case dismissed.  A motion for summary
> judgment under Rule 56 of the Federal Rules of Civil Procedure will, if
> granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for
> summary judgment.  Generally, summary judgment must be granted when
> there is no genuine issue of material fact--that is, if there is no real dispute
> about any fact that would affect the result of your case, the party who asked
> for summary judgment is entitled to judgment as a matter of law, which will
> end your case.  When a party you are suing makes a motion for summary
> judgment that is properly supported by declarations (or other sworn
> testimony), you cannot simply rely on what your complaint says.  Instead,
> you must set out specific facts in declarations, depositions, answers to

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

> interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

     5.     Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

     6.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

     7.     All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

     8.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

//
//
//

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 4/25/08

JEREMY FOGEL
United States District Judge