NOT FOR CITATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROYCE CORNELL WILSON,<br><br>    Plaintiff,<br><br>vs.<br><br>CECIL BROWN, et al.,<br><br>    Defendants. | No. C 05-3949 JF (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>(Docket No. 24) |

Plaintiff, a California state prisoner proceeding pro se, brings the instant civil rights action under 42 U.S.C. § 1983, alleging that officials of the Lake County Jail ("LCJ") violated his First and Fourteenth Amendment rights. Defendants move for summary judgment on the ground that Plaintiff failed to exhaust LCJ's administrative remedies before bringing suit in federal court. Plaintiff has filed opposition. After reviewing the record, the Court concludes that the motion should be granted.

**BACKGROUND**

This action arises from Defendants' denial of Plaintiff's request to be transferred to the minimum security section of LCJ. Plaintiff alleges that Defendants denied his transfer request because of his race and that Defendants retaliated against him because he asked to be transferred. Compl. at 3; Defs.' Mot. for Summ. J. ("MSJ"), Decl. of Cecil Brown, Ex. B (Plaintiff's Grievance Appeal Form, dated 9/12/05) at 4.

The following factual assertions by Defendants appear to be undisputed. Defendants, Plaintiff was incarcerated in the maximum security unit of LCJ on August 2, 2005. MSJ at 3. In August and September, Plaintiff submitted several inmate request forms asking for a transfer to the minimum security unit. Id. at 4. On August 18, Defendant Comstock denied Plaintiff's first-level request because of Plaintiff's past behavior in custody, the fact that Plaintiff had "write ups" pending, and the fact that Plaintiff had failed to return to jail on time. Id. Plaintiff appealed the denial. On September 12, LCJ's Classification Committee, which served as the second level of administrative review, denied Plaintiff's transfer request because of Plaintiff's past behavior in custody. Id. According to Defendants, Plaintiff did not appeal the Committee's denial of his transfer request or his discrimination claim to the facility commander. Id. at 5.

Plaintiff filed an inmate request form on August 18 in which he asked to speak to Comstock regarding classification, and a grievance appeal on September 12, alleging that Comstock denied the transfer request because Plaintiff "was black." Id. at 4. On September 13, Defendant Brown denied Plaintiff's grievance appeal as being without basis and recommended that disciplinary action be taken against Plaintiff for failing to obey orders and for furnishing false information — accusing Comstock of racial discrimination — in violation of the inmate rules. Id. at 4-5. On September 16, the Inmate Disciplinary Hearing Board found Plaintiff guilty of the charges Brown brought against him. Id. Defendants state that Plaintiff appealed the disciplinary action on September 19, alleging that his constitutional rights had been violated. Id. Defendants also assert that on the same day, Officer Townsend responded to the appeal, stating that Plaintiff had not been found guilty of exercising his rights, but rather of violating inmate

rules.[1] Id.

## DISCUSSION

Defendants contend that Plaintiff failed to exhaust the three-step administrative grievance procedure available at LCJ. Defs.' Mot. for Summ. J. ("MSJ") at 2. More specifically, Defendants contend that Plaintiff "did not directly appeal the rejection of the grievance of racial discrimination, nor did he separately grieve as to any claims of retaliation or violation of equal protection." Id. According to Defendants, Plaintiff appealed the disciplinary action only on the basis that it was retaliatory. Id. "The disciplin[ary] [action] was upheld, and the matter appeared concluded. Plaintiff did not avail himself [of] the opportunity to appeal the [other] matter(s) to the Facility Commander as part of the third [and final] administrative step as required." Id.

According to Defendants, LCJ's three-step grievance is as follows. First, an inmate should direct his problem to the on-duty correctional officer. Id., Brown Decl., Part 2, Ex. A at 14. If the problem is not resolved at that level, an inmate may fill out an Inmate Grievance Form, which is directed to the attention of the on-duty sergeant. Id. If an inmate chooses to appeal from the sergeant's decision, he may submit a written appeal to the facility commander. Id.

As described by Defendants, LCJ's grievance appeals and disciplinary action appeals are distinct processes – an action under one does not satisfy the requirements of, or have the same adjudicative effect as, pursuing an action in the other. The Lake County Sheriff's Department Custody Information Booklet states that "[a] grievance involving disciplinary action will be refused, as there is an appeals procedure designed specifically for that purpose. The grievance procedure will not be allowed to be confused with the established disciplinary process." MSJ, Decl. of Cecil Brown, Ex. A at 45.

Plaintiff argues that he did exhaust his administrative remedies. Compl. at 2. More

---

[1] This document, which appears as an exhibit in both Plaintiff's and Defendants' filings, indicates that Townsend received Plaintiff's September 19 grievance on that same day, but that he signed it on September 21.

1  specifically, Plaintiff states that he completed the first (and informal) level of review by asking
2  to speak to Comstock, and that he then filed a second formal grievance with Brown, alleging
3  "issues of discrimination." Id.  According to Plaintiff, Brown "retaliated [with] disciplinary
4  action [as a result of the] grievance." Id.  Plaintiff states that he then appealed the disciplinary
5  action to the facility commander. Id.

6  Prisoners must properly exhaust their administrative remedies before filing suit in
7  federal court. "No action shall be brought with respect to prison conditions under [42 U.S.C. §
8  1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional
9  facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).
10 Exhaustion is mandatory and is no longer left to the discretion of the district court. Woodford v.
11 Ngo, 548 U.S. 81, 84 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

12 Compliance with prison grievance procedures is all that is required to "properly exhaust."
13 Jones v. Bock, 127 S. Ct. 910, 922-23 (2007).  The level of detail necessary in a grievance to
14 comply with the grievance procedures will vary from system to system and claim to claim, but it
15 is the prison's requirements, and not the Prison Litigation Reform Act [42 U.S.C. § 1997e], that
16 define the boundaries of proper exhaustion. Id. at 923.

17 Based on the record before it, the Court concludes that Plaintiff failed to exhaust the
18 administrative remedies available to him at LCJ.  Plaintiff asserts that he did appeal the denial of
19 his transfer request to the facility commander, but the appeal never came to the commander's
20 attention because it was "hindered" by another LCJ officer. Pl.'s Opp. at 4.  Plaintiff contends
21 that evidence attached as Exhibit C to his opposition supports this assertion.  Exhibit C contains
22 three documents:  a copy of Plaintiff's initial grievance alleging that Comstock denied his
23 transfer for racially discriminatory reasons, Plaintiff's handwritten copy of a selection of text
24 from the prison rule book, and a copy of Plaintiff's appeal of the disciplinary action, which was
25 denied by Sergeant Townsend.  None of these documents shows that Plaintiff appealed the denial
26 of his transfer request to the facility commander, who oversees the final level of the jail's
27 administrative review.  Other than Plaintiff's unsupported assertion, there is no evidence that any
28 LCJ officers hindered Plaintiff's ability to proceed with such an appeal.  Because LCJ's

1  requirements define the boundaries of proper exhaustion in this case, see Jones at 127 S. Ct. at

2  923, Plaintiff's federal claim is barred.  Accordingly, Defendants' motion will be GRANTED.

## CONCLUSION

Plaintiff, having failed to exhaust all available administrative remedies, Defendants' motion for summary judgment (Docket No. 24) is GRANTED.  Plaintiff's complaint is DISMISSED.  The Clerk shall enter judgment, terminate all pending motions, and close the file.

**IT IS SO ORDERED.**

DATED: __11/26/08__

_____
JEREMY FOGEL
United States District Judge